```
          IN THE UNITED STATES DISTRICT COURT
          FOR THE MIDDLE DISTRICT OF GEORGIA
                     ATHENS DIVISION
```

| | |
|---|---|
| HENRY CAMPBELL, | * |
| Plaintiff, | * |
| vs. | * |
| | CASE NO. 3:12-CV-98 (CDL) |
| ASSURANCE COMPANY OF AMERICA, | * |
| Defendant. | * |

O R D E R

Plaintiff Henry Campbell's ("Campbell") house was damaged by a fire. Campbell claims that the house was covered by an insurance policy issued by Defendant Assurance Company of America ("Assurance") but that Assurance denied coverage. Assurance contends that Campbell's loss was not covered by the insurance policy, so Campbell's breach of contract claims fails as a matter of law. For the reasons set forth below, the Court agrees with Assurance and therefore grants Assurance's Motion for Summary Judgment (ECF No. 26).

SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). In determining whether a *genuine* dispute of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing

summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

FACTUAL BACKGROUND

Campbell purchased Builder's Risk insurance policy number ER67529760 (the "Policy") from Assurance to cover his residence at 1281 Elm Street in Woodville, Georgia (the "Property"). Campbell applied for the Policy through an insurance agent. Campbell's application states that the "Type of project" was "New construction." Def.'s Mot. for Summ. J. Ex. A, Application & Policy 1, ECF No. 26-3 at 1 [hereinafter Policy]. The application states that the construction project had not started and that the construction was "0%" complete. *Id.* at 2, ECF No. 26-3 at 2.

Assurance issued the Policy, which had a policy period of April 29, 2008 to April 29, 2009. *Id.* at 7, ECF No. 26-3 at 7. The Policy provided $205,000 coverage for "New Construction." *Id.* The Policy provided $0 coverage for "Existing Buildings or Structures." *Id.* The Policy stated that "Covered Property" included:

> Property which has been installed, or is to be installed in any commercial structure and/or any single

2

> family dwelling, private garage, or other structures that will be used to service the single family dwelling at the location which you have reported to us. This includes:
>
> (1) Your property;
>
> (2) Property of others for which you are legally responsible;
>
> (3) Paving, curbing, fences and outdoor fixtures;
>
> (4) Trees, shrubs, plants and lawns installed by you or on your behalf;
>
> (5) Completed single family dwelling(s) which is being used as a Model Home when reported to us as such on monthly reports with an amount shown; and
>
> (6) Foundations of buildings and foundations of structures in the course of construction.

*Id.* at 17, ECF No. 26-3 at 17.  The Policy further stated:

> Covered Property does not include:
>
> a. Existing building or structure to which an addition, alteration, improvement, or repair is being made, unless specifically endorsed;
>
> b. Plans, blueprints, designs or specifications, except as provided in Additional Coverage section of this Coverage Form;
>
> c. Land and water;
>
> d. *Existing Inventory*, unless specifically endorsed;
>
> e. Contractors tools and equipment.

*Id.* at 17-18, ECF No. 26-3 at 17-18.  The Policy defined "Existing Inventory" as "buildings or structures where construction was started or completed prior to the inception date of this policy."  *Id.* at 33, ECF No. 26-3 at 33.

3

On April 8, 2009, a fire damaged the Property. Campbell notified Assurance of the fire loss, and Assurance began adjustment of Campbell's claim. During its investigation, Assurance learned that construction on the Property had begun in 2003 and that work had been sporadic. Assurance hired a construction consultant to determine the amount of damage covered under the Policy. The consultant determined the total loss and also attempted to determine, based on a best-case scenario for Campbell, how much construction was performed on the Property during the Policy period. Campbell asserts that he is entitled to the entire cost of rebuilding the Property. Campbell, however, admitted that construction on the Property was complete when he purchased the Policy in 2008 and that no work was performed on the Property during the Policy period. Campbell Dep. 99:3-10, ECF No. 26-5 ("When I purchased this policy the house was complete.").[1]

## DISCUSSION

An insurer's duty to provide coverage depends on the provisions of the insurance policy. "An insurance company may fix the terms of its policies as it wishes, provided they are not contrary to law, and it may insure against certain risks and

---

[1] Based on its consultant's determination of Campbell's best-case scenario that the Property was at least 65% complete on the Policy inception date, Assurance issued Campbell checks totaling $68,107.84, which Campbell cashed. Assurance now contends that Campbell was not entitled to the $68,107.84 but does not appear to be seeking repayment of those funds at this time.

4

exclude others." *Al Who Enters., Inc. v. Capitol Indem. Corp.*, 217 Ga. App. 423, 426, 457 S.E.2d 696, 698 (1995) (internal quotation marks omitted). "Construction of an insurance policy is governed by the ordinary rules of contract construction, and when the terms of a written contract are clear and unambiguous, the court is to look to the contract alone to find the parties' intent." *McGregor v. Columbia Nat'l Ins. Co.*, 298 Ga. App. 491, 496, 680 S.E.2d 559, 564 (2009) (internal quotation marks omitted). "Though exclusions in insurance policies are strictly construed against the insurer, one that is plain and unambiguous binds the parties to its terms and must be given effect, even if beneficial to the insurer and detrimental to the insured." *Fid. Nat'l Title Ins. Co. v. OHIC Ins. Co.*, 275 Ga. App. 55, 57, 619 S.E.2d 704, 706 (2005) (internal quotation marks omitted). The Court must "not strain to extend coverage where none was contracted or intended." *Id.* (internal quotation marks omitted).

Campbell contends that the Policy is ambiguous and that he intended to purchase insurance coverage both for the existing structure and for any construction that occurred during the Policy period. "Generally, an insured is obligated to examine an insurance policy and to reject it if it does not furnish the desired coverage." *Canales v. Wilson Southland Ins. Agency*, 261 Ga. App. 529, 530, 583 S.E.2d 203, 204 (2003). Here, the Policy is clear and unambiguous. The builder's risk Policy provided

$205,000 coverage for "New Construction" but $0 coverage for "Existing Buildings or Structures." Policy 7, ECF No. 26-3 at 7. The Policy specifically excluded coverage for "Existing building or structure to which an addition, alteration, improvement, or repair is being made, unless specifically endorsed." *Id.* at 17, ECF No. 26-3 at 17. The Policy also specifically excluded coverage for "Existing Inventory," which the Policy defined as "buildings or structures where construction was started or completed prior to the inception date of this policy." *Id.* at 18, 33, ECF No. 26-3 at 18, 33. In other words, the Policy on its face unambiguously provided coverage only for new construction and specifically excluded coverage for existing buildings and structures. It is undisputed that construction on the Property was complete before the Policy's issue date and that no construction took place during the Policy period. Therefore, the Policy does not cover the damage due to the April 2009 fire, and Assurance is entitled to summary judgment on all of Campbell's claims against it.

CONCLUSION

As discussed above, Assurance's Motion for Summary Judgment (ECF No. 26) is granted.

IT IS SO ORDERED, this 21st day of August, 2013.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE